UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN JENKINSON,

    Plaintiff,

-vs-                                            CASE NO.:

NAVIENT SOLUTIONS, INC. and
STUDENT ASSISTANCE CORP.,

    Defendants,

_____/

## COMPLAINT

COMES NOW Plaintiff, Helen Jenkinson, by and through the undersigned counsel, and sues Defendants, NAVIENT SOLUTIONS, INC. and STUDENT ASSISTANCE CORP., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone

1

out of the wall."' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8.  Venue is proper in this District as Plaintiff resides within this District (Hillsborough County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

9.  Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, Navient Solutions, Inc. (hereinafter "Navient Solutions"), is a corporation with its principal place of business located at 2001 Edmund Halley Dr., Reston, VA 20191-3436 and which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays St., Tallahassee, FL 32301.

14. Defendant, Student Assistance Corporation (hereinafter "SAC"), is a corporation with its principal place of business in Delaware, wherein its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

15. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

16. Defendants called the Plaintiff approximately five hundred (500) times since November 2015 in an attempt to collect a debt and/or to service an account.

17. Defendants attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

18. Navient Solutions and SAC intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

19. Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line.

20. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (813) ***-5098 and was the called party and recipient of Defendants' calls.

21. Beginning on or about November 2015, Navient Solutions and SAC began bombarding Plaintiff's cellular telephone (813) ***-5098 in an attempt to collect on a student loan. Approximately one month after the calls began the Plaintiff revoked her consent to being called by the Defendants by advising the Defendants that she wished for the calls to stop.

22. After that revocation the Plaintiff received calls from multiple numbers belonging to the Defendants. The Plaintiff estimates one-hundred (100) calls post-revocation.

23. The autodialer calls from Defendants came from the telephone numbers including but not limited to (302) 261-5793 and (765) 637-0794, and when those numbers are called a pre-recorded voice or a representative answers and identified the company as "Navient".

24. Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly, including but not limited to calls Plaintiff was able to log on January 23, 2016 and January 25, 2016

25. Navient Solutions and SAC have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

26. Navient Solutions and SAC have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Navient to remove the number.

27. Navient Solutions and SAC have numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

28. Navient Solutions and SAC have had numerous complaints from consumers against them across the country asking to not be called, however the Defendants continue to call.

29. Navient Solutions and SAC's corporate policies are structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Navient Solutions and SAC they wish for the calls to stop.

30. Navient Solutions and SAC's corporate policies provided no means for Plaintiff to have her number removed from the call list.

31. Navient Solutions and SAC have a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

32. Not a single call placed by Navient Solutions or SAC to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

33. Navient Solutions and SAC willfully and/or knowingly violated the TCPA with respect to Plaintiff.

34. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, and aggravation.

## COUNT I
## NAVIENT SOLUTIONS, INC.
### (Violation of the TCPA)

35. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-four (34) as if fully set forth herein.

36. Defendant, Navient Solutions, willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

37. Defendant, Navient Solutions, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, Inc. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
## NAVIENT SOLUTIONS, INC.
### (Violation of the FCCPA)

38. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-four (34) as if fully set forth herein

39. At all times relevant to this action Navient Solutions is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

40. Navient Solutions has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

41. Navient Solutions has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

42. Navient Solutions's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
## STUDENT ASSISTANCE CORPORATION
### (Violation of the TCPA)

43. Plaintiff incorporates and re-alleges Paragraphs one (1) through thirty-four (34), as if fully set forth herein.

44. Defenant, SAC, willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she did not wish to be contacted by Defendant.

45. Defendant, SAC, repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Student Assistance Corporation for statutory damages, punitive damages, costs, interests, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
## STUDENT ASSISTANCE CORPORATION
### (Violation of the FCCPA)

46. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-four (34) as if fully set forth herein

47. At all times relevant to this action SAC is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

48. SAC has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

49. SAC has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

50. SAC's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Student Assistance Corporation for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff